Filed 11/3/20  P. v. Dill CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D077315 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE393903) |
| DAVION MYZELL DILL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Patricia K. Cookson, Judge.  Affirmed.

Bruce L. Kotler, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Davion Myzell Dill of one count of possession of a firearm by a felon (Pen. Code,[1] § 29800, subd. (a)(1)).  Dill admitted a strike prior (§ 667, subds. (b)-(i)).  Dill was sentenced to term of four years in custody.

---

[1]    All further statutory references are to the Penal Code.

Dill filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to review the record for error as mandated by *Wende*. We offered Dill the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

We take the following accurate summary of the facts from the opening brief for convenience to provide background for this appeal.

A. Prosecution case.

1. *Law Enforcement and Civilian Witness Testimony*.

On August 22, 2019, at approximately 1:30 a.m., San Diego County Sheriff's Deputies Jonathon Young and Shain Stoner, who were in separate vehicles, initiated a traffic stop of a red Mitsubishi because it did not have a front license plate, near the intersection of North Magnolia and Bradley in the Lakeside area. Young positioned his patrol vehicle behind the Mitsubishi and activated his overhead lights, but the car failed to yield as they traveled west bound on Bradley, requiring him to activate his siren. The Mitsubishi entered the 67 southbound from Bradley, where it continued to fail to yield. As they approached the I-8 freeway the Mitsubishi took the I-8 exit getting off at Magnolia. The Mitsubishi pulled over and slowed along the curb-line of North Magnolia and the passenger door started to open. The Mitsubishi stopped and Dill, who wore a red sweatshirt, got out. The Mitsubishi then took off and was pursued by Stoner.

According to Young, after getting out of the car, Dill jumped a guardrail and reached into his jacket throwing a red object into the brush area along the curb-line, as he ran up an embankment. Young had stopped his patrol

2

vehicle and got out simultaneous with Dill. Young's body-cam video was on, but it did not show Dill throwing anything. Dill fled on foot with Young in pursuit, following Dill's path through a brushy area, across the on-ramp to I-8 westbound to Magnolia, jumping a fence and running along a culvert that went underneath I-8. They ended up on the other side of the freeway near an apartment complex, at 360 Compton Street, where Dill scaled a steep wall and continued towards the apartment complex; however, Young was not able to make it over the wall to follow him.

Young went back to his vehicle to assist Deputy Stoner, who was in pursuit of the Mitsubishi. On his way to his vehicle Young searched with a flashlight for the object ditched earlier by Dill, finding nothing. Once he got back into his vehicle he drove to I-8 to intercept Stoner's pursuit of the Mitsubishi. But, he never assisted Stoner in the pursuit because it was terminated due to safety issues.

Timothy Noyes, meanwhile, lived in an apartment at 387 Compton Street. In the still early morning hours, at around 1:30 a.m., Noyes awoke to the sound of the fan on top of his dresser being knocked over. He go up out of bed and saw a "suspect"[2] on top of the dresser, who said, "They're after me." Noyes responded, "You've got to go," and escorted him out the front door. He wanted to stay on the porch, however Noyes told him no, and he left going between buildings. Noyes went back inside to use the bathroom and came back out to talk to police officers, pointing out the direction the man went. He and a neighbor opened the laundry room for the officers to search. Noyes explained how his bedroom window and blinds were open and the screen was pulled away prior to the fan being knocked over. He authenticated a photograph of his daughter's bedroom window with a handprint on it. Noyes

---

[2]     Noyes did not identify Dill as the suspect inside his home.

did not give the man permission to climb through his window. Deputy David Lannon responded to take a report of a home being broken into. Noyes explained to him how an individual had come in through the window. Lannon took a series of eight photographs at Noyes's residence documenting the entry, which he described. The photographs were of Noyes's bedroom window, his daughter's bedroom window with the palm print, and the front of the residence.

At around 1:40 a.m., El Cajon police officer Evan Gardner became involved in the search for the man who ran from the Mitsubishi, at the same time, he was also aware of the home entry. He was working with officer Dan Thompson who had a "hunch" to check the roof of the apartment building in the vicinity of Compton Street and West Madison Avenue. Gardner and Thompson went up and spotted Dill lying on the roof. Anticipating that he might jump, Gardner went back down, and observed Dill jump down. Once Dill had jumped, Gardner ordered him at gunpoint to put his hands up and to get on the ground. Dill was arrested sometime after 1:43 a.m. He was not arrested under the name Davion Dill, as during the arrest he gave the name of Tyeron Carter with a date of birth of January 28, 1999, which matched an actual person.

Young and Stoner met back up at the scene where Dill was taken into custody, the apartments at 387 Compton Street, which was less than 300 yards from the wall that Young could not scale. Young stated[3] that Dill "had forced his way into a residence near the Compton Street—so there was a question as to do we have a burglary . . . . It was at the apartment building that Young first told Stoner that the person who ran from the car had

_____

[3] Although Young concluded it was Dill who went inside Noyes's home, again, Noyes did not identify Dill as the intruder.

4

dropped something. Young had not communicated to dispatch that he saw an object being tossed when it happened. The deputies went back to the area of the embankment where Dill had left the car. There wasn't a lot of area to be searched, as the embankment was small. It consisted of the brush area just after the guardrail. There, they found a loaded .22-caliber revolver with red duct tape around the handle, no more than five feet from the roadway. It was not until after the gun was found that Young mentioned over the radios or dispatch that an object had been thrown.

### 2. *Stipulations One and Two*

"No. 1 stipulation: It's stipulated that the defendant, David Dill, has previously been convicted of a felony; [¶] No. 2: It is stipulated that Anthony Dennison was the registered owner of a red 2002 Mitsubishi Eclipse, license plate number 7POJ537."

## DISCUSSION

As we have noted, appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified the following possible issue that was considered in evaluating the potential merits of this appeal: Was denial of Dill's motion to exclude evidence of his entry into Noyes's house and the statements made therein reversible error.

We have reviewed the entire record as required by *Wende* and *Anders*. We have not discovered any arguable issues for reversal on appeal. Competent counsel has represented Dill on this appeal.

## DISPOSITION

The judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

IRION, J.

6